**No. 26-20568**

# In the United States Court of Appeals for the Fifth Circuit

IN RE BMI OLDCO INC. OFFICIAL COMMITTEE OF UNSECURED CREDITORS

*Petitioner.*

On Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas, Houston Division
Case No. 4:25-cv-02193

## JOINDER OF FUTURE CLAIMANTS' REPRESENTATIVE TO OPENING BRIEF OF PETITIONER

ROBERT S. BRADY
EDWIN J. HARRON
SHARON M. ZIEG
RYAN M. BARTLEY
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
rbrady@ycst.com
eharron@ycst.com
szieg@ycst.com
rbartley@ycst.com

PETER C. D'APICE
*Counsel of Record*
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4938
dapice@sbep-law.com

*Counsel for Sander L. Esserman, Future Claimants' Representative*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Petitioner is BMI Oldco Inc. Official Committee of Unsecured Creditors. Petitioner is represented by:

    a. Elizabeth B. Prelogar, Carlton Forbes, and Anna O. Mohan of Cooley LLP

    b. David J. Molton, Eric R. Goodman, Gerard T. Cicero, and Jeffrey L. Jonas of Brown Rudnick LLP

    c. Kevin C. Maclay, Todd E. Phillips, Kevin M. Davis, and Wendy J. Barnett of Caplin & Drysdale, Chartered.

2. Sander L. Esserman is the Future Claimants' Representative and is the party filing this Joinder. He is represented by Peter C. D'Apice of Stutzman, Bromberg, Esserman & Plifka, P.C., and Robert S. Brady, Edwin J. Harron, Sharon M. Zieg, and Ryan M. Bartley of Young Conaway Stargatt & *Taylor*, LLP.

3. The Potential Parties-in-Interest in the District Court are BMI Oldco Inc. (f/k/a Barretts Minerals Inc.); Barretts Ventures Texas LLC; Minerals Technologies Inc.; Specialty Minerals Inc.; American International Industries; Special Committee of the Board of Directors of BMI Oldco Inc.; Dianne LaSalle; and any person alleging that all or some talc sold by BMI contained sufficient quantity and form of asbestos to cause mesothelioma or other asbestos-related diseases. The Potential Parties-in-Interest are represented by:

a. John F. Higgins, IV, Eric D. Wade, and Megan Young-John of Porter Hedges LLP

b. Jason Lee Boland and Marc Brian Collier of Norton Rose Fulbright US LLP

c. Jonathan J. Weichselbaum, Amy Christine Quartarolo, Kimberly Ann Posin, and Jeffrey Bjork of Latham & Watkins LLP

d. Albert Joseph Togut, Anthony Lloyd Greene, and Peter Fishkind of Togut, Segal & Segal LLP

e. Allison Meghan Brown, Kevin Michael Hynes, Kristen Renee Fournier, Kimberly Gustafson Bueno, Matthew Lee Bush, and Morton Dubin of Kirkland & Ellis LLP

f. Robert E. Thackston, Emily Kim Nguyen, Paula Dianne Pendley, and David M. Medina of Nelson Mullins Riley & Scarborough LLP

g. Christopher K. Kiplok and Marc A. Weinstein of Hughes Hubbard & Reed LLP

h. Michael Patrick Cash and Michael D. Rubenstein of Liskow & Lewis

i. Christopher M. Hogan of Hogan Thompson LLP

j. Savannah Lee Ezelle of Ahmad, Zavitsanos & Mensing, PLLC

k. Joseph Donald Satterley and Denyse Finn Clancy of Kazan, McClain Satterley & Greenwood.

Dated: November 2, 2026 *<u>/s/ Peter C. D'Apice</u>*
Peter C. D'Apice

## STATEMENT REGARDING ORAL ARGUMENT

The Court has scheduled oral argument for December 1, 2026. The Future Claimants' Representative respectfully submits that oral argument would assist the Court in considering the distinct due-process interests of future claimants implicated by the proposed proceeding.

# TABLE OF CONTENTS

INTRODUCTION....................................................................1

SUMMARY OF ARGUMENT....................................................2

ARGUMENT.........................................................................3

I. The Proposed Proceeding Threatens to Improperly Bind Future Claimants in Subsequent Tort Litigation................4

CONCLUSION.....................................................................5

# TABLE OF AUTHORITIES

## Cases

*Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001) ........................4

*In re DePuy Orthopaedics, Inc.*, 870 F.3d 345 (5th Cir. 2017) ...........5

*In re Fibreboard Corp.*, 893 F.2d 706 (5th Cir. 1990).........................5

*In re G-I Holdings, Inc.*, 328 B.R. 691 (D.N.J. 2005)..........................2

*In re Imerys Talc Am., Inc.*, 38 F.4th 361 (3d Cir. 2022)....................2

*In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283 (5th Cir. 2015) ......5

*Smith v. Sch. Bd. of Concordia Par.*, 181 F.4th 629 (5th Cir. 2026)..5

## Statutes

11 U.S.C. § 1103 .........................................................................2

11 U.S.C. § 1109(b).....................................................................2

28 U.S.C. § 157(b)(5)...................................................................5

## INTRODUCTION

The Future Claimants' Representative (the "FCR"), Sander L. Esserman, supports the relief requested in the Official Committee of Unsecured Creditors' (the "Committee") *Opening Brief of Petitioner in support of its Petition for a Writ of Mandamus* (the "Committee Brief"): the proceeding to answer the question posed by the Bankruptcy Court of whether any talc sold by BMI Oldco Inc. ("BMI") contained sufficient quantity and form of asbestos to potentially cause mesothelioma or other asbestos-related diseases currently pending before the District Court (the "Proceeding") should be terminated, the abatement of the chapter 11 cases should be lifted, and the chapter 11 cases should be returned to the Bankruptcy Court for further administration. The FCR supports the arguments advanced by the Committee and submits this brief to address the threats to the rights of future asbestos claimants specifically.

The FCR's authority derives from his appointment to represent the interests of future asbestos claimants in BMI's bankruptcy cases. The *Order Appointing Sander L. Esserman as Legal Representative for Future Talc Personal Injury Claimants* (the "Appointment Order") grants the FCR standing under section 1109(b) and appropriate powers of a

committee under section 1103.[1] Those powers authorize the FCR to participate in proceedings affecting future claimants' interests. They do not authorize the FCR to litigate individual tort claims on behalf of future claimants or bind them to a judgment adjudicating those claims.[2]

Mandamus relief is necessary to prevent the District Court from proceeding with an adjudication that exceeds its constitutional authority, as demonstrated in Part I.A of the Committee Brief, and threatens to irreparably impair the rights of future claimants who cannot presently appear to protect their interests.

## SUMMARY OF ARGUMENT

The proposed Proceeding would permit the District Court to make a factual determination that BMI's non-debtor affiliates and AII seek to use to foreclose future asbestos claimants' individual tort claims. Those claimants cannot presently protect their interests, and the FCR's limited representative authority does not permit him to bind them to an adjudication of their individual rights. The District Court's proposed

---

1 *See* ROA.886 (confirming the FCR's appointment, Appointment Order ¶ 3(a) [Bankr. Dkt. 307] (specifying his powers under §§ 1103 and 1109(b)).

2 *In re Imerys Talc Am., Inc.*, 38 F.4th 361, 374 n.9 (3d Cir. 2022); *In re G-I Holdings, Inc.*, 328 B.R. 691, 697–98 (D.N.J. 2005).

adjudication thus presents both an Article III problem, as explained in the Committee Brief (an argument the FCR adopts), and a distinct threat to the rights of future claimants who cannot presently participate in the Proceeding.

## ARGUMENT

The FCR joins the Committee's argument that the proposed Proceeding exceeds the District Court's authority under Article III.[3] The requested writ of mandamus is particularly appropriate as to future claimants—who are completely absent from the Proceeding—in light of the threats made by the tortfeasors championing the Proceeding, the Non-Debtor Affiliates and AII, to use it to preclude future claimants from trying the merits of their cases.[4]

---

[3] *See* Committee Brief § I.A.

[4] *See* ROA.985–86 (Non-Debtor Affiliates asserting that the referred question presents no claimant-specific issues, applies to current and future claimants, and would produce a binding determination under res judicata principles); ROA.989–90 (asserting that the determination would bind current and future talc claimants and preclude subsequent litigation of the issue); ROA.1867 (AII adopting the Non-Debtor Affiliates' arguments in support of the proposed proceeding).

## I. The Proposed Proceeding Threatens to Improperly Bind Future Claimants in Subsequent Tort Litigation.

Future claimants will not experience symptoms of asbestos-related disease for some time, potentially decades, so they cannot presently be identified. Yet, the District Court proposes to adjudicate an issue central to those future claimants' individual tort claims when those claimants cannot presently appear to protect their rights in the Proceeding or any appeal from it. The avowed purpose of Minerals Technologies Inc. ("MTI") and Specialty Minerals Inc. ("SMI," and together with MTI, the "Non-Debtor Affiliates") to use its outcome to collaterally estop absent future claimants alone warrants the grant of mandamus.[5]

The Fifth Circuit has rejected the collective resolution of asbestos-related issues. In *Arnold v. Garlock*, the court rejected transferring asbestos claims under section 157(b)(5), emphasizing the need for individualized causation determinations.[6]

As the Committee explains, the Fifth Circuit has recognized that mandamus is appropriate to prevent an aggregate asbestos proceeding

---

[5] *See* ROA.986; ROA.989–90.

[6] *Arnold v. Garlock, Inc.*, 278 F.3d 426, 442–44 (5th Cir. 2001).

from impermissibly displacing claimants' rights to individualized adjudication.[7]

The Fifth Circuit has explained that mandamus is appropriate only where the asserted error is effectively irremediable on ordinary appeal.[8] Here, the proposed adjudication threatens injuries that ordinary appellate review cannot adequately remedy: the impairment of future claimants' right to have disputed factual issues determined by juries in their individual tort actions.

## CONCLUSION

For the foregoing reasons, the FCR joins the Committee's request for issuance of a writ of mandamus directing the District Court to vacate its June 22, 2026 order[9] adopting the Bankruptcy Court's R&R and withdrawing the reference, and directing such further action as necessary to permit the Bankruptcy Court to lift the abatement imposed

---

[7] *In re Fibreboard Corp.*, 893 F.2d 706, 711–12 (5th Cir. 1990) (granting mandamus to prevent an impermissible phase of an aggregate asbestos trial that would alter substantive rights); *see also Smith v. Sch. Bd. of Concordia Par.*, 181 F.4th 629, 635 (5th Cir. 2026) (recognizing the inadequacy of requiring parties to undergo adjudication by a court that lacks jurisdiction before obtaining review).

[8] *In re DePuy Orthopaedics, Inc.*, 870 F.3d 345, 352–53 (5th Cir. 2017) (requiring error to be truly irremediable on ordinary appeal); see also *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 288–89 (5th Cir. 2015).

[9] ROA.2760.

by its May 14, 2025[10] order and resume administration of the chapter 11 cases. The FCR does not seek dismissal of BMI's chapter 11 cases.

Respectfully submitted,

*/s/ Peter C. D'Apice*
PETER C. D'APICE
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4938
dapice@sbep-law.com

-and-

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Robert S. Brady
Edwin J. Harron
Sharon M. Zieg
Ryan M. Bartley
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
rbrady@ycst.com
eharron@ycst.com
szieg@ycst.com
rbartley@ycst.com

---

[10] ROA.202.

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d)(1) because, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f) and the certificate of interested persons under Fifth Circuit Rule 32.2, it contains 973 words. This document complies with Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in 14-point Century Schoolbook.

Dated: November 2, 2026

*/s/ Peter C. D'Apice*

Peter C. D'Apice

## CERTIFICATE OF SERVICE

I certify that on November 2, 2026, I electronically filed the foregoing using the Fifth Circuit's appellate CM/ECF system, which will serve all registered filing users. Any participant who is not a registered filing user will be served by first-class mail, postage prepaid, where indicated below.

Dated: November 2, 2026

*/s/ Peter C. D'Apice*

Peter C. D'Apice

HONORABLE GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE,
SOUTHERN DISTRICT OF TEXAS
515 Rusk Street, Room 11535
Houston, TX 77002
(713) 250-5757

JOSEPH DONALD SATTERLEY
DENYSE FINN CLANCY
KAZAN, MCCLAIN SATTERLEY &
GREENWOOD
55 Harrison St., Suite 400
Oakland, CA 94607
(510) 302-1000
jsatterley@kazanlaw.com
dclancy@kazanlaw.com
*(By First Class Mail)*
*Counsel for Dianne LaSalle*

JOHN F. HIGGINS, IV
ERIC D. WADE
MEGAN YOUNG-JOHN
PORTER HEDGES LLP
1000 Main Street, Suite 3600
Houston, TX 77002
(713) 226-6648
jhiggins@porterhedges.com
ewade@porterhedges.com
myoung-john@porterhedges.com

JONATHAN J. WEICHSELBAUM
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1698
jon.weichselbaum@lw.com

AMY CHRISTINE QUARTAROLO
JEFFREY BJORK
LATHAM & WATKINS LLP
10250 Constellation Blvd.
Suite 1100
Los Angeles, CA 90067
(424) 653-5500
amy.quartarolo@lw.com
jeff.bjork@lw.com
KIMBERLY ANN POSIN
LATHAM & WATKINS LLP
355 South Grand Avenue
Suite 400
Los Angeles, CA 90071
(213) 891-7322
kim.posin@lw.com

*Counsel for Debtor BMI Oldco Inc., et al.*

ALBERT JOSEPH TOGUT
ANTHONY LLOYD GREENE
PETER FISHKIND
TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, NY 10119
(212) 594-5000
altogut@teamtogut.com
agreene@teamtogut.com
pfishkind@teamtogut.com
*(By First Class Mail)*

MARC BRIAN COLLIER
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, TX 78701
(512) 474-5201
marc.collier@
nortonrosefulbright.com

JASON LEE BOLAND
NORTON ROSE FULBRIGHT US LLP
1550 Lamar, Suite 2000
Houston, TX 77010
(713) 651-3769
jason.boland@
nortonrosefulbright.com

*Counsel to the Special Committee of the Board of Directors of BMI Oldco Inc. (f/k/a Barretts Minerals Inc.)*

ROBERT E. THACKSTON
EMILY KIM NGUYEN
PAULA DIANNE PENDLEY
NELSON MULLINS RILEY &
SCARBOROUGH LLP
3333 Lee Parkway, Suite 750
Dallas, TX 75219
(469) 484-6100
robert.thackston@
nelsonmullins.com
emily.nguyen@nelsonmullins.com

DAVID M. MEDINA
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1111 Bagby Street, Suite 2100
Houston, TX 77002
(346) 646-6670
david.medina@nelsonmullins.com

paula.pendley@
nelsonmullins.com
*(By First Class Mail)*
*Counsel for American International Industries*

ALLISON MEGHAN BROWN
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, PA 19103
(215) 268-5000
alli.brown@kirkland.com
*(By First Class Mail)*

KEVIN MICHAEL HYNES
KRISTEN RENEE FOURNIER
MATTHEW LEE BUSH
MORTON DUBIN
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
(646) 283-3481
kevin.hynes@kirkland.com
kristen.fournier@kirkland.com
matthew.bush@kirkland.com
morton.dubin@kirkland.com

KIMBERLY GUSTAFSON BUENO
KIRKLAND & ELLIS LLP
400 Congress Avenue
Austin, TX 78701
(512) 355-4390
kim.bueno@kirkland.com

CHRISTOPHER K. KIPLOK
HUGHES HUBBARD & REED LLP
1 Battery Park Plaza, 17th Floor
New York, NY 10004
(212) 837-6000
christopher.kiplok@
hugheshubbard.com
*(By First Class Mail)*

MICHAEL PATRICK CASH
MICHAEL D. RUBENSTEIN
LISKOW & LEWIS
1001 Fannin St., Suite 1800
Houston, TX 77002
(713) 651-2839
mcash@liskow.com
mdrubenstein@liskow.com
*Counsel for Specialty Minerals Inc. and Minerals Technologies Inc.*

DAVID J. MOLTON
ERIC R. GOODMAN
GERARD T. CICERO
BROWN RUDNICK LLP
Seven Times Square
New York, NY 10036

ELIZABETH B. PRELOGAR*
CARLTON FORBES*
ANNA O. MOHAN*
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
(202) 842-7800
eprelogar@cooley.com

JEFFREY L. JONAS
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
*(By First Class Mail)*

KEVIN C. MACLAY
TODD E. PHILLIPS
KEVIN M. DAVIS
WENDY J. BARNETT
CAPLIN & DRYSDALE, CHARTERED
1200 New Hampshire Ave. NW
8th Floor
Washington, DC 20036
*(By First Class Mail)*

** The Committee filed an application seeking bankruptcy court approval of Cooley's retention as special counsel.*

*Counsel for the Official Committee of Unsecured Creditors*

MARC A. WEINSTEIN
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6460
marc.weinstein@
hugheshubbard.com

Ms. Laura J. Baughman
Martin Baughman, P.L.L.C.
3141 Hood Street
Suite 600
Dallas, TX 75219

*Counsel for Estate of Marvin R. Fields, Estate of John R. Kopp, Estate of Patrice A. Holtermann, Estate of Janice E. Parvin, and Barbara Westover*
*(By First Class Mail)*